**In the Matter of: Casey D. CLOYD.**

**No. 49S00–0604–DI–122.**

Supreme Court of Indiana.

March 9, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23, section 11, the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** A client hired Respondent to handle a personal injury action. Respondent filed suit on July 8, 1998, but took no further action, resulting in the dismissal of the case for failure to prosecute on July 20, 2000. By this time, the statute of limitations for the client's action had expired. Respondent filed an appeal, which the Court of Appeals rejected on June 27, 2001. Respondent attempted unsuccessfully to have the trial court reinstate the action. Respondent again appealed, and the Court of Appeals affirmed the trial court on June 5, 2003.

Respondent did not tell his client about the dismissal of the suit, his attempt to have it reinstated, or the appeals. Instead, Respondent concealed the dismissal by telling his client that depositions were planned and that the case was set for trial. Respondent took his client on a tour of the courtroom where the case would be "tried" and explained the trial process. In December 2004, Respondent's client finally learned from another source that his case had been dismissed more than four years earlier.

After a grievance was filed against Respondent, he filed for Chapter 13 bankruptcy relief. Respondent is making payments of an unspecified amount to the client through his Chapter 13 plan.

A fact in aggravation is Respondent's prior public reprimand for filing a false police report. *See In re Cloyd,* 794 N.E.2d 1088 (Ind.2003). A fact in mitigation is Respondent's cooperation with the Commission in its investigation and prosecution of this matter.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.3 (failure to act with reasonable diligence and promptness), Rule 1.4(a) (failure to keep a client reasonably informed about the status of a matter and failure to comply promptly with reasonable requests for information), and Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

**Discipline:** The parties agree that the appropriate sanction for Respondent's misconduct is suspension from the practice of law for one year without automatic reinstatement. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, **the Court suspends Respondent from the practice of law in this state for a period of not less than one year, beginning April 30, 2007.** Respondent is ordered to fulfill his duties as a suspended attorney under Admission and Discipline Rule 23, section 26. At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided he pays the costs of this proceeding, fulfills his duties as a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23, section 4.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.